**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Civil Action No.: 00-1728(PAM/JGL)

Blue Cross Blue Shield
of Minnesota, Inc.,

Plaintiff,

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

vs.

Radian Systems, Inc.,

Defendant

---

Plaintiff, Blue Cross Blue Shield Minnesota, Inc. ("BCBSM") and Defendant Radian Systems, Inc. ("Radian"), possess confidential and proprietary information that may relate to the subject matter of this action. The parties recognize that in the course of discovery proceedings it may be necessary to disclose such information to the other parties, but the parties wish to ensure that adequate precautions are taken to protect the information. Accordingly, upon stipulation and agreement of the parties, the Court enters this Confidentiality and Protective Order for the protection of the parties' confidential information.

**Definition**

1. CONFIDENTIAL information means any document or thing designated by a party (including a third party) in good faith as confidential, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or during trial, information revealed during depositions, and information revealed in interrogatory answers or other written disclosures. In general, CONFIDENTIAL information may include and may be claimed with respect to trade secrets or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, such as (a) information of a financial nature, (b) marketing information, (c) information relating to product developments, (d) licensing

AUG - 6 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

information, or (e) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party. The parties shall endeavor to limit the use of the CONFIDENTIAL designation to those documents and materials that genuinely warrant the protection provided by the terms of this Order.

2. The above named parties may additionally designate as "Attorney's Eyes Only" any CONFIDENTIAL information. Subject to, consistent with, and in addition to the other provisions of this Protective Order, CONFIDENTIAL information that is Attorney's Eyes Only shall be stamped with the phrase CONFIDENTIAL - ATTORNEY'S EYES ONLY, as appropriate under the terms of this Protective Order.

Subject to and consistent with the other provisions of this Protective Order, Confidential information marked CONFIDENTIAL - ATTORNEY'S EYES ONLY may be shown or disclosed to the same persons to whom information stamped "CONFIDENTIAL" may be shown or disclosed as set forth in paragraphs 10 and 11 of this Protective Order, except that CONFIDENTIAL information stamped "CONFIDENTIAL - ATTORNEY'S EYES ONLY" by one party may not be shown, disclosed, or otherwise revealed to the parties to this action, or their officers, directors, shareholders, employees, or independent contractors.

3. In addition to any other requirements governing CONFIDENTIAL information contained herein, prior to the disclosure of CONFIDENTIAL - ATTORNEY'S EYES ONLY information to any other person designated in paragraphs 10 and 11, the party seeking to make such disclosure shall notify any other parties of its intent to disclose specified information to particular, identified persons, not less than five (5) days prior to the anticipated disclosure. Any other party may then make any objection or motion it deems necessary to prevent, condition, or otherwise limit disclosure of the information at issue to the person and/or in the manner sought. Disposition of objections or motions by the Court must be sought in conformity with paragraph 14 of this

Protective Order. Disclosure of the material at issue, in the manner sought, shall not be made until such time as the Court rules on such objections or motions.

**Designation of Information**

4. All CONFIDENTIAL information produced or disclosed in this litigation shall be clearly and prominently marked as follows:

**"(BCBSM or RADIAN) CONFIDENTIAL CA No. 00CV1728"**

This marking shall be applied to every single-page document, and on the initial page or cover of a multi-page document (including deposition transcripts) and on all pages in a multi-page document that contain any CONFIDENTIAL information. In addition, this marking shall be applied in a prominent location on the exterior of any tangible object. CONFIDENTIAL information designated as CONFIDENTIAL - ATTORNEY'S EYES ONLY shall be marked in conformity with this paragraph and paragraph 2.

If any CONFIDENTIAL information is included with or the content thereof is in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Court, such documents and related materials shall be filed in sealed envelopes prominently marked with (i) the caption of this case, (ii) the identity of the party filing the envelope, and (iii) the notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY AGREEMENT OF THE PARTIES OR
AT THE DIRECTION OF THE COURT**

In lieu of marking originals, the party may mark the copies that are produced or exchanged.

5. It is contemplated that one or more of the parties may make available certain files for inspection by another party, and that such files may contain CONFIDENTIAL, CONFIDENTIAL - ATTORNEY'S EYES ONLY as well as non-confidential information. In order to protect any

CONFIDENTIAL information and CONFIDENTIAL ATTORNEY'S EYES ONLY information contained in files made available for inspection, all documents inspected from such files shall be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY'S EYES ONLY as applicable, until the producing party supplies copies of documents designated for production. Such copies shall be marked in accordance with the provisions set forth above.

6. If, during the course of discovery in this action, a party, or its representative, is authorized to inspect another party's facilities, all information made available as a consequence of the inspection shall be deemed CONFIDENTIAL information. In addition, some information made available as a consequence of the inspection may be deemed CONFIDENTIAL - ATTORNEY'S EYES ONLY information. All documents and things inspected shall be treated under paragraphs 2 and 5 above as appropriate, and all notes, abstracts, copies, summaries and memoranda relating to the information made available as a consequence of the inspection shall be treated under paragraph 18 below.

7. Whenever a deposition involves disclosure of CONFIDENTIAL information, the following procedure shall be followed:

a. At the request of the party whose CONFIDENTIAL information is disclosed, the reporter shall bind those portions of the transcript containing CONFIDENTIAL information separately. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript of depositions as containing CONFIDENTIAL information after transcription, provided that written notice of such designation is given to the other party within ten (10) days of receipt of the transcript from the court reporter. Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraphs 10 and 11 hereof prior to the expiration of the ten (10) day notice period,

except that portions of transcripts may be filed under seal with the Court in connection with these proceedings at any time.

b. In cases in which testimony designated as CONFIDENTIAL contains information also protected as "CONFIDENTIAL - ATTORNEY'S EYES ONLY", such designated portions of the deposition transcript shall be disclosed only in accord with the provisions of paragraph 2, except as may be ordered by the Court or authorized by this Protective Order.

c. The cover of any deposition transcript containing testimony which has been designated CONFIDENTIAL information shall be prominently marked with the designation referred to in paragraph 4.

8. When written discovery responses (e.g., written responses to requests for production, interrogatory responses, and responses to requests to admit) contain CONFIDENTIAL information, the designating party will mark the cover page and each page containing CONFIDENTIAL information with the required designation.

**Use of Confidential Information**

9. CONFIDENTIAL information shall be maintained in confidence according to the terms of this Protective Order, may be disclosed only as provided in paragraphs 2, 10 and 11 and shall be used solely in the preparation, prosecution or trial of this action. Subject to and consistent with other provisions of this Protective Order, nothing herein shall prevent disclosure of any item of CONFIDENTIAL information (1) by the party who designated the item CONFIDENTIAL information or (2) any person who authored or received the item prior to its production to the other party.

10. Subject to the provisions of paragraph 2 and paragraph 11 below, CONFIDENTIAL information shall be restricted to (1) the Court and its officers, (2) members of the Office of General Counsel and officers, directors, shareholders, employees or independent contractors of the respective

parties, and (3) to the following counsel, including their necessary support personnel:

a. For BCBSM: the firm of Rider, Bennett, Egan & Arundel, L.L.P.;

b. For Radian: the firms of Arthur, Chapman, Kettering, Smetak & Pikala, P.A.; Mahoney, Dougherty and Mahoney, P.A.; and Miles & Stockbridge, P.C.

11. a. Prior to disclosure of CONFIDENTIAL information of another party to an outside independent expert or consultant employed by counsel for assistance in the preparation, prosecution or trial of this action, counsel for the party that has received such CONFIDENTIAL information shall provide such expert or consultant with a copy of this Order, and shall require such expert or consultant to execute the declaration shown in Exhibit A. Through that declaration the expert or consultant acknowledges that he or she is familiar with the provisions of the Protective Order, will abide by them, and will agree to this Court's jurisdiction to enforce them. Each outside expert or consultant who will receive another party's CONFIDENTIAL information shall make a representation, as part of the declaration shown in Exhibit A, that he or she is not, and has not been previously, an employee, agent, or consultant for any of the other parties in this case (i.e., other than the party seeking to retain the expert or consultant), or any of such parties' competitors, to the best of his or her knowledge. Such declaration shall be kept by the employing counsel for reference should such be necessary. For a business organization retained as a consultant, the declaration shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL information is disclosed of the obligations imposed by this Order. If a party wishes to retain an expert or consultant who cannot make all the representations required by Exhibit A, such expert or consultant shall be identified to the other parties prior to making any disclosure of such other parties' CONFIDENTIAL information in sufficient time (not less that five (5) days) for any party to object and seek further protection should it deem that necessary. If any party objects, no disclosure of such party's CONFIDENTIAL

information shall be made to such expert or consultant until the matter is resolved.

b. CONFIDENTIAL information may be disclosed to court personnel and court reporters/videographers retained to record and/or transcribe testimony in this Civil Action, provided they have been made aware of the provisions of this Protective Order.

c. CONFIDENTIAL information may be disclosed to personnel of photocopy firms engaged by a party, provided they have been made aware of the provisions of this Protective Order.

**Designation Issues and Inadvertent Disclosure**

12. The restrictions set forth in any of the preceding paragraphs shall not apply to:

a. any information which at the time of disclosure is available to the public;

b. any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

c. any information which the receiving party, its counsel or independent consultants can show (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the producing party without designation as CONFIDENTIAL information (subject to the provisions and circumstances provided for in this Order), (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence, or (v) if a person or party designating the information as CONFIDENTIAL consents to such disclosure.

13. The receipt of any document or thing designated as CONFIDENTIAL information by a party shall not be construed as an agreement by the receiving party that the document or thing is in fact CONFIDENTIAL, and shall not operate as a waiver of any party's right to challenge such

designation as provided herein.

14. The parties shall attempt to resolve disputes with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL information through negotiation. If such negotiations fail to resolve the dispute, the complaining party shall schedule a telephone conference with the Court for purposes of resolving the dispute in a manner consistent with the terms and conditions of this Protective Order. Until the issue is resolved, the information shall be treated in accordance with its markings.

15. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL information, and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL shall rest on the designating party, except that the burden of proving any exception set forth in paragraph 12 shall rest on the party asserting the exceptions.

16. a. If a party inadvertently discloses any document or thing containing information it deems CONFIDENTIAL without designating it as CONFIDENTIAL information, the disclosing party, upon discovery of such inadvertent disclosure, promptly shall inform the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL information under this Order and shall not thereafter assert that such disclosure waived any confidentiality. To the extent such information may have been disclosed to persons other than authorized persons described in paragraphs 10 and 11, the receiving party shall make a reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

b. If a producing party discovers that it inadvertently or mistakenly produced documents that are privileged or otherwise immune from discovery, the producing party shall inform

the receiving party of the error and the receiving party shall promptly return such documents. No party to this action shall thereafter assert that such inadvertent or mistaken disclosure waived any privilege or immunity. The party having returned inadvertently or mistakenly produced documents may challenge the producing party's privilege or immunity claim on other grounds.

17. Promptly upon completion of the litigation, each party shall return to the other party or destroy all documents designated by the other party as CONFIDENTIAL information, and all copies thereof, and shall destroy all extracts, excerpts and summaries of data from such documents, except that trial counsel for each party may retain one copy of any such CONFIDENTIAL information appended to a pleading and one copy of any deposition transcript containing such information for reference in the event of a dispute over the use or dissemination of such CONFIDENTIAL information in violation of the terms of this Protective Order. If a party chooses to destroy such materials, that party shall certify in writing to the producing party or person the destruction of such materials.

**Other**

18. The substance or content of any CONFIDENTIAL information, as well as any notes, abstracts, copies, summaries and memoranda relating thereto, will not be disclosed to or accessible by anyone other than a person qualified to obtain CONFIDENTIAL information pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda will be treated as CONFIDENTIAL information in all respects.

19. Should any party or person qualified to have access to CONFIDENTIAL information under this Protective Order receive any request for CONFIDENTIAL information produced by a party in this Civil Action, whether through formal compulsory process or lawful authority of a court or otherwise, prior to responding thereto, the party or person will serve written notice of receipt of the request on the party whose information has been requested in order or allow

that party to give its consent or to move an appropriate court or tribunal for a ruling respecting the necessity of compliance with the request.

20. Upon final termination of this Civil Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order will continue to be binding upon all parties or persons subject to its terms, and the Court will retain jurisdiction for enforcement of this Protective Order.

21. Third parties who are requested to produce documents or things or provide testimony in this Civil Action may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing CONFIDENTIAL information in accordance with the provisions of this Order, or may seek a further protective order from the Court.

22. This Protective Order will not be used by any party in this Civil Action as evidence in support of or against any claim, defense or counterclaim in this action. The parties at a pretrial conference before the Court shall discuss the procedure to be followed as to the use of CONFIDENTIAL information at trial.

23. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

24. It will be the duty and responsibility of counsel of record to ensure that documents and things containing CONFIDENTIAL information subject to counsel's control will at all times be kept in a safe and secure fashion to ensure that the information is not disclosed to or made accessible to persons other than those specifically authorized to review CONFIDENTIAL information under this Protective Order. Counsel of record will be directly responsible to the Court for fulfilling these responsibilities.

Dated: July 31, 2001

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By ______________________

John B. Lunseth II (#65341)
Patrick A. Reinken (#212702)
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7951 (Telephone)
(612) 340-7900 (Facsimile)

*Attorneys For Plaintiff*

Dated: July 31, 2001

ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

By Thomas A. Forker

Robert W. Kettering, Jr. (#55499)
Thomas A. Forker (#246682)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, Minnesota 55402
(612) 339-3500 (Telephone)
(612) 339-7655 (Facsimile)

and

MILES & STOCKBRIDGE P.C.
Matthew S. Sturtz
Tessa Laspia Frederick
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464 (Telephone)
(410) 385-3700 (Facsimile)

*Attorneys For Defendant*

APPROVED AS TO FORM AND SO ORDERED BY THE COURT this 6 day of Aug, 2001, 2001

______________________
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Blue Cross Blue Shield of Minnesota, Inc.,

Plaintiff,

vs.

Radian Systems, Inc.,

Defendant

Civil Action No.: 00-1728(PAM/JGL)

---

**Declaration Concerning Receipt of CONFIDENTIAL Information**

1. I,______________________________ (printed name), declare as follows: I have been requested by counsel for __________________________________________ to assist counsel with the preparation, prosecution, or trial of this action and am informed by counsel that my role will require me to receive materials designated as CONFIDENTIAL under a Protective Order.

2. I have read and understand the terms of the Protective Order entered in this case (dated _________________). I agree to abide by the terms of the Protective Order and will not disclose any information designated as CONFIDENTIAL information and will not use such information other than in my role in assisting counsel in this case.

3. I am not an employee of any of the parties in this case. I am not, and have not been previously, an agent or consultant for any of the other parties in this case, or any of such parties' competitors, to the best of my knowledge.

**EXHIBIT A**

4. I agree to submit to the jurisdiction of the Court that entered this Protective Order for enforcement of the undertakings I have made here and I appoint________________________________ ______________________________________________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection. I declare under penalty of perjury that the foregoing is true and correct. Executed on ______________________________(date).

________________________________________
(Signature)

**EXHIBIT A**

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500